IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 11-10027-JTM

TRAVIS J. FYLER,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Travis J. Fyler's Motion to Dismiss the order requiring him to provide restitution in the amount of $41,000. The defendant's motion complains that "[p]rior to sentencing, the government did not provide to the Court an accounting of the loss involved or how the amount was calculated in this case." (Dkt. 25, at 1). The defendant further stresses that the Presentence Report does not explicitly "identify any victim in this case as it is a drug case." (*Id.*)

Although "[a] restitution order must be specific in a dollar amount that is supported by evidence in the record[,] the determination of an appropriate restitution is by nature an inexact science." *United States v. Williams*, 292 F.3d 681, 688 (10th Cir.2002). Accordingly, "absolute precision is not required." *United States v. James*, 564 F.3d 1237, 1247-48 (10th Cir. 2009) (citing *United States v. Gallant*, 537 F.3d 1202, 1252 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 2026 (2009). "The court need only make a reasonable estimate of the loss, given the information available."

*Gallant*, 537 F.3d at 1252. "In estimating the loss, a sentencing court is required to order the probation officer to obtain and include in the presentence report information sufficient for the court to exercise its discretion in fashioning a restitution order, and the presentence report shall include, *to the extent practicable*, a complete accounting of the losses to each victim." *James*, 564 F.3d at 1248 (citation, brackets, and internal quotations omitted, emphasis in *James*).

The government has the burden of proving the amount of the loss sustained by a victim as a result of the offense. 18 U.S.C. § 3664(e). *United States v. Barton*, 366 F.3d 1160, 1165 (10th Cir. 2004). *See United States v. Estrada*, 42 F.2d 228, 231 (4th Cir.1994).

The court will deny the defendant's motion. It is correct that the government did not offer a separate accounting of loss. As noted above, the court places the initial burden of accounting on the Probation Office to conduct an estimate of losses. Further, in meeting its burden to support a showing the basis for restitution, the government may rely upon information found in a defendant's Presentence Report, unless the defendant affirmatively shows that such information is inaccurate or unreliable. *See United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir.1993).

The Presentence Report lists Dillons Pharmacy under the heading "Victim Impact." (Report, at 10). It further provides, citing Dillons' Report of Theft or Loss of Controlled Substances, that "the cost to Dillons for the pilfered drugs was $41,056." (*Id*. at 7). Paragraphs 26-28 of the Presentence Report are an accounting, down to level of individual tablets, how much of each type of drug was stolen. The court finds that the information offered in the Presentence Report is sufficient to justify the restitution ordered in the judgment, and finds that the defendant has failed to demonstrate that the accounting contained in the Report was not reasonably accurate.

IT IS ACCORDINGLY ORDERED this 12th day of October, 2011, that the defendant's Motion to Dismiss Restitution Claim (Dkt. 25) is hereby denied.

                          s/J. Thomas Marten
                          J. THOMAS MARTEN, JUDGE